IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| MICHAEL WEAVER<br><br>    Plaintiff,<br><br>v.<br><br>STATE OF UTAH, CRAIG KEHL, SHANNON KEHL, et al.,<br><br>    Defendants. | **ORDER DENYING MOTION TO APPOINT COUNSEL AND DEEMING MOOT MOTION TO PROCEED IN FORMA PAUPERIS**<br><br>Civil No. 1:06 cv 82 PGC<br><br>Judge Paul Cassell<br><br>Magistrate Judge Brooke C. Wells |

Plaintiff, Michael Weaver *pro se*, has filed two Motions to Appoint Counsel[1] and a Motion for Leave to Proceed in forma pauperis.[2] As a civil litigant Mr. Weaver has no constitutional right to counsel.[3] Because Mr. Weaver has no right to counsel and fails to convince the court that there is sufficient merit to his claim the court DENIES Mr. Weaver's Motion for Appointment of Counsel. Further, the court deems as MOOT Mr. Weaver's Motion for Leave to Proceed in forma pauperis because the court previously granted this same request.[4]

28 U.S.C. § 1915, which pertains to proceedings in forma pauperis, provides that "The court may request an attorney to represent any person unable to afford counsel."[5] The

---

[1] Docket nos. 4, 8.
[2] Docket no. 10.
[3] *See* Moomchi v. Univ. of N.M., 1995 WL 736292, *3 (10th Cir. 1995) (unpublished); *Carper v. DeLand*, 54 F.3d 613, 616 (10th Cir. 1995); *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989).
[4] Docket no. 2.
[5] 28 U.S.C. § 1915(e)(1).

appointment of counsel under this statute, however, is at the discretion of the court.[6]  "The burden is upon the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel."[7]  When deciding whether to appoint counsel, a court should consider a variety of factors, "including 'the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims.'"[8]  In considering these factors, the court concludes that (1) it is not clear yet whether Plaintiff has asserted a colorable claim; (2) the issues involved are not complex; and (3) Plaintiff is not incapacitated or otherwise unable to adequately pursue this matter.  Therefore, the court DENIES Mr. Weaver's Motions for Appointment of Counsel.  If this case is found to have merit, and if it appears that counsel will be needed, the court may ask an attorney to appear pro bono on his behalf.

DATED this 23rd day of October, 2006.

_____
Brooke C. Wells
United States Magistrate Judge

---

[6] *See* *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985).
[7] *Id.*
[8] *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (quoting *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991)).