**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH**
**NORTHERN DIVISION**

| | |
|---|---|
| MICHAEL WEAVER,<br><br>        Plaintiff,<br><br>    v.<br><br>STATE OF UTAH et al.,<br><br>        Defendants. | Case No. 1:06-CV-82 TS<br><br>**MEMORANDUM DECISION AND ORDER DENYING PRELIMINARY INJUNCTION AND DISMISSING COMPLAINT** |

Plaintiff, Michael Weaver, an inmate at the Utah State Prison, filed this *pro se* civil rights suit under 42 U.S.C. § 1983. *See* 42 U.S.C.A. § 1983 (West 2007). Plaintiff was granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. *See* 28 *id.* 1915. This case is now before the Court for screening of the Complaint under 28 U.S.C. § 1915(e) and consideration of Plaintiff's motion for a preliminary injunction.

## ANALYSIS

### I. Screening

#### A. Standard of Review

Under 28 U.S.C. § 1915(e)(2)(B), a court shall dismiss any claims in a complaint filed *in forma pauperis* if they are frivolous, malicious or fail to state a claim upon which relief may be granted. "Dismissal of a pro se complaint for failure to

state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 806 (10th Cir. 1999).  When reviewing the sufficiency of a complaint the Court "presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).

Because Plaintiff is proceeding pro se the Court must construe his pleadings liberally and hold them to a less stringent standard than formal pleadings drafted by lawyers.  *Id.*  However, "[t]he broad reading of the plaintiff's complaint does not relieve [him] of the burden of alleging sufficient facts on which a recognized legal claim could be based."  *Id.*  While Plaintiff need not describe every fact in specific detail, "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based."  *Id.*

### B. Plaintiff's Allegations

Plaintiff's Complaint, construed liberally, asserts that Defendants denied Plaintiff due process under the Fifth and Fourteenth Amendments by interfering with Plaintiff's parental rights.  Plaintiff's claims stem from the removal of Plaintiff's children from his custody, and the eventual termination of Plaintiff's parental rights by the Utah Division of Child and

Family Services (DCFS).

    Plaintiff alleges that on April 1, 2005, he was arrested and spent approximately two hours in jail.  During that time Plaintiff's two children were taken into custody by DCFS and placed in a temporary shelter.  A "shelter hearing" was subsequently held to determine whether the children would be returned to Plaintiff's custody.  Plaintiff alleges that based on false statements and allegations made at the hearing it was decided that the children would remain in DCFS custody.  The children were subsequently placed by DCFS in the custody of various foster care providers including Annette Vandersteen and Craig and Shannon Kehl.

    Plaintiff also alleges that his daughter was subjected to an unnecessary "sexual exam" while in foster care.  Plaintiff states that the exam was performed as a result of false statements made by unidentified individuals and that necessary medical records and information were not consulted prior to the exam.  Plaintiff states that he was not allowed to be present during the exam, nor was he given an opportunity to provide information that might have prevented it.  Plaintiff states that his daughter was severely traumatized by the examination.

    Finally, Plaintiff alleges that DCFS improperly prevented Plaintiff from having unsupervised visitation with his children and interfered with Plaintiff's court-ordered supervised

visitation.  The Complaint does not include specific allegations in this regard but states generally that Defendants "sabotaged" Plaintiff's efforts to visit his children.  Plaintiff alleges that as a result of this interference his parental rights were eventually terminated.

In addition to the loss of his parental rights Plaintiff also alleges that he suffered severe mental trauma as a result of Defendants' actions.  Plaintiff's Complaint seeks unspecified monetary damages and injunctive relief in the form of an independent investigation of his case, an impartial hearing, and the return of Plaintiff's children to the custody of Plaintiff or a family member.

### C. Sufficiency of Plaintiff's Complaint

The Court first examines whether each of the individuals and entities named in the Complaint are proper parties to this suit.  Although the docket lists only Mr. Weaver as the sole Plaintiff in this action, it appears from the Complaint that Plaintiff also attempted to name his children as plaintiffs.  The Complaint, however, does not include any indication that Plaintiff has standing to file suit on his children's behalf.  In fact, Plaintiff states in the Complaint that his parental rights were terminated prior to filing this suit.  Moreover, given Plaintiff's pro se status and lack of legal training it does not appear that Plaintiff is able to adequately represent his

children's interests.  This conclusion is amply supported by Plaintiff's failure to protect the children's privacy in his court filings.  Thus, the Court finds that Plaintiff's minor children are not proper plaintiffs in this action and any claims asserted on their behalf by Plaintiff must be dismissed without prejudice.

The Court next addresses whether the individuals and entities named as defendants in the Complaint are proper parties to this suit.  The Complaint names the State of Utah as a defendant.  Under the Eleventh Amendment a state is immune from suit in federal court, except as it consents to be sued or as authorized by statute.  Here, the Complaint does not give any indication that the State of Utah has waived its sovereign immunity or is amenable to suit in this instance.  Similarly, the Complaint names DCFS as a defendant despite the fact that this entity is merely a subdivision of the State of Utah which lacks the power to independently sue or be sued.  In essence, a suit against DCFS is no different that a suit against the state itself.  In lieu of a suit against the State of Utah or its subordinate agencies a plaintiff may bring suit against the individuals directly responsible for the alleged injury.  Plaintiff's Complaint, however, does not name as defendants any individuals employed by the State of Utah or DCFS, nor does it

include any specific allegations regarding such persons.[1] Finally, the Complaint names foster care providers Annett Vandersteen and Craig and Shannon Kehl as defendants, however, there are no specific allegations regarding these individuals anywhere in the Complaint.

The Court now turns to the substance of Plaintiff's Complaint. The Complaint was prepared using the standard pro se civil rights complaint form provided by the Clerk's Office. That form instructs litigants to list each of their claims separately as individually numbered "counts" and to provide specific supporting facts for each. Although Plaintiff has included a smattering of general allegations in the "Supporting Facts" sections of three separate counts, only Count III includes a description of the claim. Plaintiff's description of Count III states, "Deffendants [sic] failed to follow established policy and procedure regulating DCFS." (Compl. at 4.) The remainder of the Complaint is essentially narrative in form and consists of only brief and disorganized general allegations.

From the Court's reading of the Complaint it appears that Plaintiff is attempting to raise six separate claims, including: (1) removal of Plaintiff's children from his custody without due

---

[1] Although the Complaint lists "Jim Mitchie GAL" as a defendant in the heading, this individual is not included in the list of defendants, nor is he mentioned anywhere in the body of the Complaint.

process; (2) denial of due process at the shelter hearing; (3) subjection of Plaintiff's daughter to a medical examination without due process;[2] (4) denial of unsupervised visitation without due process; (5) interference with court-ordered supervised visitation; and (6) termination of Plaintiff's parental rights without due process.  The Complaint, however, does not include sufficient facts to support any of these claims.  In each instance Plaintiff fails to identify specific individuals responsible for the acts or omissions which caused the alleged violation of his rights.  Plaintiff also fails to identify the specific acts or omissions which he believes amounted to a violation of due process.[3]  While Plaintiff is not required to identify the correct legal theory for his claims, he must clearly describe each separate claim and provide specific factual support for each.

Under Fed. R. Civ. P. 8(a), the complaint itself must include sufficient facts to give the defendants fair notice of

---

[2] As previously discussed, it is not clear that Plaintiff has standing to bring this claim on his daughter's behalf.

[3] Although Plaintiff has filed separately various documents which allegedly support his claims, including a detailed report by the Utah Office of Child Protection Ombudsman (OCPO), Plaintiff has not incorporated these documents, by reference or otherwise, into his Complaint.  In preparing an amended Complaint Plaintiff may wish to include these documents as attached exhibits and include specific references to them in the body of the amended complaint.

the grounds upon which the plaintiff's claims rest.  *Conley v. Gibson*, 355 U.S. 41, 77, 78 S. Ct. 99, 103 (1957).  Plaintiff's pro se status does not exempt him from compliance with this minimal pleading requirement.  "This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted."  *Hall*, 935 F.2d at 1109.  Moreover, "it is not the proper function of the Court to assume the role of advocate for a pro se litigant," *id.* at 1110, thus, the Court cannot "supply additional facts, [or] construct a legal theory for plaintiff that assumes facts that have not been pleaded."  *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989).

In sum, the Court finds that Plaintiff's Complaint names various entities which are not proper parties to this suit, and the Complaint lacks sufficient facts to give Defendants fair notice of the grounds on which Plaintiff's claims rest.  Thus, the Court concludes that the Complaint fails to state a claim on which relief can be granted.  *See* Fed. R. Civ. P. 8(a); *Conley v. Gibson*, 355 U.S. 41, 77, 78 S. Ct. 99, 103 (1957).

## II. Motion for Preliminary Injunction

Plaintiff has filed a motion for a preliminary injunction prohibiting Defendants Craig and Shannon Kehl from adopting Plaintiff's children.  The motion also seeks an injunction

against the performance of any religious rites with regard to the children.  Plaintiff's motion consists of a single paragraph briefly describing the relief sought.  No supporting memorandum or other documentation was included with the motion.

A preliminary injunction is an extraordinary and drastic remedy which should not be granted unless the right to relief is clear and unequivocal.  *SCFC ILC, Inc. v. VISA USA, Inc.*, 936 F.2d 1096, 1098 (10th Cir. 1991).  Further, to obtain a preliminary injunction, Plaintiff must show, among other things, that there is a "substantial likelihood that [he] will eventually prevail on the merits" of his case.  *Great Salt Lake Minerals and Chems. Corp. v. Marsh*, 596 F. Supp. 548, 553 (D. Utah 1984).

Plaintiff has not met the heightened pleading standard required for preliminary injunctive relief.  The Court has concluded that Plaintiff's Complaint fails to state a claim on which relief may be granted.  In light of that conclusion, Plaintiff cannot possibly show that there is a substantial likelihood he will eventually prevail on the merits of his underlying suit.  Thus, the Court concludes that Plaintiff is not entitled to preliminary injunctive relief at this time.

**ORDER**

Based on the foregoing, **IT IS HEREBY ORDERED** that:

(1) Plaintiff's motion for a preliminary injunction is **DENIED**; and,

(2) Plaintiff's Complaint is **DISMISSED** for failure to state a claim on which relief can be granted. *See* 28 U.S.C.A. § 1915 (West 2007). If Plaintiff can amend his complaint in compliance with this order he may do so within thirty days, otherwise, this case will be closed.

DATED this 4th day of January, 2008.

BY THE COURT:

_____
TED STEWART
United States District Judge