**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH**
**NORTHERN DIVISION**

| | |
|---|---|
| MICHAEL WEAVER,<br><br>      Plaintiff,<br><br>  v.<br><br>STATE OF UTAH et al.,<br><br>      Defendants. | Case No. 1:06-CV-82 TS<br><br>**MEMORANDUM DECISION AND ORDER DISMISSING IMPROPER DEFENDANTS; GRANTING SERVICE ON REMAINING DEFENDANTS; DENYING APPOINTED COUNSEL** |

      Plaintiff, Michael Weaver, an inmate at the Utah State Prison, filed this *pro se* civil rights suit under 42 U.S.C. § 1983. *See* 42 U.S.C.A. § 1983 (West 2008). Plaintiff was granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. *See* 28 *id.* 1915. On January 14, 2008, the Court dismissed Plaintiff's original Complaint for failure to state a claim on which relief could be granted. Plaintiff subsequently filed an Amended Complaint which is now before the Court for screening under 28 U.S.C. § 1915(e). Plaintiff's motion to waive sovereign immunity, motion for service of process and motion for appointment of counsel are also before the Court at this time.

**I. Screening Analysis**

**A. Standard of Review**

Under 28 U.S.C. § 1915(e)(2)(B), a court shall dismiss any claims in a complaint filed *in forma pauperis* if they are frivolous, malicious or fail to state a claim upon which relief may be granted. "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 806 (10th Cir. 1999). When reviewing the sufficiency of a complaint the Court "presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991). "The burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008)(quoting *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level." Id. (quoting *Twombly*, 127 S.Ct. At 1965).

Because Plaintiff is proceeding pro se the Court must

construe his pleadings liberally and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Hall, 935 F.2d at 1139*.  However, "[t]he broad reading of the plaintiff's complaint does not relieve [him] of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Id.*  While Plaintiff need not describe every fact in specific detail, "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Id.*

### B. Plaintiff's Allegations

Plaintiff's Amended Complaint alleges that Defendants denied Plaintiff due process guaranteed under the Fifth and Fourteenth Amendments by wrongfully interfering with Plaintiff's parental rights.  Plaintiff's claims stem from the Utah Division of Child and Family Services (DCFS) removal of Plaintiff's children from his custody and the subsequent termination of Plaintiff's parental rights.

Plaintiff alleges that on April 1, 2005, he was arrested and spent approximately two hours in jail.  During that time Plaintiff's two children were taken into custody by DCFS agents and placed in a temporary shelter.  A "shelter hearing" was subsequently held to determine whether the children would be returned to Plaintiff's custody.  Plaintiff alleges that based on false statements and allegations made at the hearing it was

determined that the children should remain in DCFS custody.  The children were subsequently placed by DCFS in the custody of various foster care providers including Annett Vandersteen and Craig and Shannon Kehl.  Plaintiff alleges that these foster parents interfered with Plaintiff's relations with his children, ultimately contributing to the termination of Plaintiff's parental rights.  Finally, Plaintiff alleges that DCFS agents prevented Plaintiff from having unsupervised visitation with his children and interfered with his court-ordered supervised visitation.

In addition to the loss of his parental rights Plaintiff alleges that he suffered severe mental trauma as a result of Defendants' actions.  Plaintiff's Complaint seeks unspecified monetary damages and injunctive relief in the form of an independent investigation of his case, an impartial hearing, and the return of Plaintiff's children to the custody of Plaintiff or a family member.

### C. Improper Defendants

To establish a cause of action under section 1983, a plaintiff must allege (1) the deprivation of a federal right by (2) a person acting under color of state law.  *Gomez v. Toledo*, 446 U.S. 635, 640, 100 S. Ct. 1920, 1923-24, 64 L. Ed.2d 572 (1980); *Watson v. City of Kansas City, Kansas*, 857 F.2d 690, 694 (10th Cir. 1988).  Moreover, liability for a civil rights

violation cannot be based on *respondeat superior*. See *West v. Atkins*, 487 U.S. 42, 54 n.12, 108 S. Ct. 2250, 2258 n.12 (1988); *Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996) ("[S]upervisor status by itself is insufficient to support liability. Rather, '[p]ersonal participation is an essential allegation in a § 1983 claim.'") (citations omitted) (second alteration in original). Thus, Plaintiff must allege facts showing an "'affirmative link'" between the alleged harm he suffered and the actions of each defendant. See *Anaya v. Crossroads Managed Care Sys. Inc.*, 973 F. Supp. 1228, 1248 (D. Colo. 1997) (citation omitted), *rev'd on other grounds*, 195 F.3d 584 (10th Cir. 1999).

i. Andria Burton

The Amended Complaint names Andria Burton as a defendant based on her role as a DCFS supervisor. Plaintiff alleges that Burton "failed to properly perform her function as supervisor thus causing [Plaintiff's] children and [Plaintiff] to suffer abuse." (Am. Compl. at 2.) Plaintiff further alleges that Burton's failure to intervene "allowed" the assigned caseworkers to take certain inappropriate actions. (Am. Compl. at 14.)

Plaintiff's allegations regarding Burton are entirely based on a *respondeat superior* theory of liability. Plaintiff's Amended Complaint does not allege specific facts showing that Burton personally violated Plaintiff's civil rights. Instead,

Plaintiff seeks to hold Burton liable merely because she failed to intervene or prevent the alleged violations committed by others.  Because such *respondeat superior* claims are not cognizable under § 1983 the Court concludes that the Amended Complaint fails to state a claim against Burton.  Burton is, therefore, dismissed from this case.

### ii. Jim Mitchie

The Amended Complaint identifies Jim Mitchie as the court appointed guardian ad litem for Plaintiff's children.  Plaintiff alleges that Mitchie violated Plaintiff's rights by allowing Plaintiff's children to be kept from their court-ordered visitation.  Plaintiff also alleges that Michie failed to adequately represent the children's best interests throughout the custody proceedings.

As previously explained, § 1983 provides a cause of action only for civil rights violations committed by persons acting under color of state law.  Under controlling Tenth Circuit precedent "guardian ad litems do not act under color of law for purposes of § 1983 because they have duties of undivided loyalty to their clients and must be allowed to satisfy their ethical obligations to exercise independent judgment on behalf of their clients."  *Schaffrath on Behalf of R.J.J. v. Thomas*, 993 F. Supp. 842, 846 (D. Utah, 1998) (citing *Meeker v. Kercher*, 782 F.2d 153, 155 (10th Cir. 1986).

Plaintiff does not allege any facts showing that Mitchie failed to exercise independent, professional judgment on behalf of Plaintiff's children, thereby making him an agent of the state. Moreover, as discussed in the Court's previous screening order, Plaintiff does not have standing at this point to assert claims on behalf of his children. Thus, the Court concludes that the Amended Complaint fails to state a claim against Jim Mitchie.

### iii. Gary Bell

Gary Bell is identified as Plaintiff's court appointed attorney in the custody proceedings. The Amended Complaint alleges that Bell violated Plaintiff's rights by failing to remedy the problems Plaintiff encountered with DCFS, the foster care providers and the courts. Plaintiff states that "Bell was [Plaintiff's] only 'line of defense'" and that "Bell committed a breach of duty" by failing to adequately research Plaintiff's paternity case, follow Plaintiff's instructions, file a proper appeal and keep Plaintiff informed. Plaintiff generally asserts that Bell's "violation of duty caused injury to [Plaintiff's] children as well as [Plaintiff]." (Am. Compl. at 25.)

As an initial matter, Plaintiff fails to allege that Bell violated any right guaranteed by the Constitution or federal law. Plaintiff's allegations against Bell, even if proven, would amount only to a state tort claim of legal malpractice which is not cognizable under § 1983. More importantly, even if Plaintiff

could allege a constitutional violation, Plaintiff cannot show that Bell was a state actor for purposes of § 1983. As with a guardian ad litem, an attorney retained or appointed to represent an individual in a state custody proceeding is not considered a state actor and is not subject to liability under § 1983. *See* *Espinoza v. Rogers*, 470 F.2d 1174, 1175 (10th Cir. 1972). Thus, the Court finds that Plaintiff's Amended Complaint fails to state a claim against Gary Bell.

### iv. Foster Parents

The Amended Complaint also names as defendants Annett Vandersteen, and Craig and Shannon Kehl, each of whom provided foster care to Plaintiff's children. Plaintiff alleges that Vandersteen "perpetrated emotional abuse" on Plaintiff's children, interfered with Plaintiff's visitation rights and created an incident which caused the courts to restrict Plaintiff's visitation. Regarding the Kehls, Plaintiff alleges that they began caring for Plaintiff's children before being officially licensed as foster care providers, that they took Plaintiff's daughter to the doctor for an unnecessary "sexual exam," and that they intentionally undermined reunification efforts because they wanted to adopt Plaintiff's children.

Numerous courts have concluded that foster parents are not state actors subject to liability under § 1983. *See, e.g.*, *Rayburn v. Hogue*, 241 F.3d 1341, 1347-48 (11th Cir. 2001);

*Milburn v. Anne Arundel County Dep't of Social Services*, 871 F.2d 474, 479 (4th Cir. 1989); *P.G. v. Ramsey County*, 141 F. Supp.2d 1220, 1226 (D. Minn. 2001); *Walker v. Johnson*, 891 F. Supp. 1040, 1051 (M.D. Pa. 1995); *Lintz v. Skipski*, 807 F. Supp. 1299, 1307 (W.D.Mich. 1992); *McCrum v. Elkhart County Dep't of Pub. Welfare*, 806 F. Supp. 203, 208 (N.D. Ind. 1992); *Pfoltzer v. County of Fairfax*, 775 F. Supp. 874, 891 (E.D. Va. 1991). Other courts have indicated that foster parents may be state actors but only when the foster parents act in concert with other state actors or where the state knew or should have known that the placement with the foster parent posed a danger to the child. *See, e.g.*, *K.H. v. Morgan*, 914 F.2d 846, 852 (7th Cir. 1990) (foster parent is state actor only when state knows or suspects foster parent is a child abuser); *Hawley v. Nelson*, 968 F. Supp. 1372, 1388 (E.D. Mo. 1997) (without allegations that they acted in concert with other state actors, defendants "standing alone in positions of foster parents" were not state actors); *Del A. v. Roemer*, 777 F. Supp. 1297, 1318 (E.D. La. 1991) ("[T]he foster parent is deemed a 'state instrument' only if the State places the child in a setting it knows or should have known was unsafe.").

As previously noted, to the extent that Plaintiff challenges the treatment of his children while in foster care, Plaintiff does not have standing to assert claims on their behalf. More importantly, even if Plaintiff had standing to sue on his

children's behalf, Plaintiff does not allege any facts showing that either Vandersteen or the Kehls colluded with the state to abuse Plaintiff's children, or that the state knew or should have known that placement with Vandersteen or the Kehls placed Plaintiff's children in substantial danger.  In fact, Plaintiff fails to allege any concrete injury suffered by his children while in foster care.  Because Annett Vandersteen and Craig and Shannon Kehl cannot be deemed state actors subject to liability under § 1983 the Court concludes that Plaintiff's claims against them must be dismissed.

### v. Official Defendants

Plaintiff's original Complaint named the State of Utah, DCFS and several DCFS agents in their official capacities as defendants.  In its previous screening order the Court dismissed these defendants because they are immune from suit under the doctrine of sovereign immunity.  Plaintiff subsequently filed a document styled "Request to Wave (sic) Sovereign Immunity" which was docketed as a motion in this case.  (Doc no. 26.) Plaintiff's motion does not allege that these official defendants have effectively waived their sovereign immunity, nor does it offer any legal basis for denying them immunity in this case. Thus, Plaintiff's motion to waive sovereign immunity is denied.

### D. Remaining Defendants

The Amended Complaint also names two DCFS agents, Jaclyn Lee

and Nicole Oyler, in their personal capacities.  Each of these agents were allegedly directly involved with the initiation of custody proceedings and eventual termination of Plaintiff's parental rights.  Plaintiff alleges that these individuals violated Plaintiff's Fifth and Fourteenth Amendment due process rights by failing to follow DCFS policies, making false allegations against Plaintiff and interfering with Plaintiff's visitation rights.

For screening purposes the Court finds the Amended Complaint sufficient to state a claim against Lee and Oyler in their individual capacities.  Thus, the Court will direct the United States Marshals Service to complete service of process upon Jaclyn Lee and Nicole Oyler.

## II. Motion for Appointed Counsel

In conjunction with his Amended Complaint Plaintiff also renewed his motion for appointed counsel.  Plaintiff's motion consists of the standard fill-in-the-blank form included in the Court's prisoner litigation guide.  The motion does not include a supporting memorandum stating the specific grounds for his request at this time.

It is well established that Plaintiffs in civil cases do not have a constitutional right to counsel.  See *Carper v. Deland*, 54 F.3d 613, 616 (10th Cir. 1995); *Bee v. Utah State*

*Prison*, 823 F.2d 397, 399 (10th Cir. 1987). However, the court may, in its discretion, appoint counsel for indigent inmates under 28 U.S.C. § 1915(e)(1). *See* 28 U.S.C.A. § 1915(e)(1) (West 2005); *Carper*, 54 F.3d at 617; *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). When deciding whether to appoint counsel the district court considers a variety of factors "including 'the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims.'" *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (quoting *Williams*, 926 F.2d at 996); *accord McCarthy*, 753 F.2d at 838-39. "The burden is upon the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985).

Given the early stage of this litigation and Plaintiff's demonstrated ability to adequately plead his claims, the Court finds that appointment of counsel would be premature at this time. At this point the primary issue before the Court is the legal sufficiency of Plaintiff's allegations. As the Tenth Circuit has noted, "a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *See Hall*

*v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991). There is no indication that Plaintiff has been prejudiced by the lack of counsel in presenting his claims thus far. Indeed, Plaintiff's Amended Complaint, which consists of over thirty-two handwritten pages plus numerous exhibits, clearly sets out the legal and factual basis for Plaintiff's claims. The Court has liberally construed Plaintiff's allegations and concluded that Plaintiff alleges sufficient facts to proceed against the individuals directly linked to Plaintiff's alleged injuries. Moreover, at this stage of the litigation there are no complex legal or factual issues to be addressed. Once Defendants have been served and an answer or dispositive motion has been filed the Court will be in a better position to evaluate the merits of Plaintiff's claims and the need for appointed counsel going forward.

Thus, Plaintiff's motion for appointed counsel is denied at this time. However, as this case progresses, if it appears that appointed counsel is warranted the court will address the issue *sua sponte*. No further motion by Plaintiff is necessary.

**ORDER**

Based on the foregoing, **IT IS HEREBY ORDERED** that:

(1) Andria Burton, Jim Mitchie, Gary Bell, Annett Vandersteen, Craig Kehl and Shannon Kehl are **dismisse**d as defendants in this case;

(2) Plaintiff's motion to waive sovereign immunity is **denied**;

(3) Plaintiff's motion for appointed counsel is **denied** at this time; and,

(4) the United States Marshals Service shall serve a summons and copy of Plaintiff's Amended Complaint upon Nicole Oyler and Jaclyn Lee, c/o Duane Betournay, Director, Utah Department of Child and Family Services, 120 North 200 West #225, Salt Lake City, Utah, 84103.

DATED this 15th day of September, 2008.

BY THE COURT:

_____
TED STEWART
United States District Judge